No. 685 September 25, 2024 257

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT MARTIN LEINWEBER,
*Defendant-Appellant.*

Umatilla County Circuit Court
CR150847; A179163

Daniel J. Hill, Judge.

Submitted August 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction, after a jury trial, for one count of driving while under the influence of intoxicants (DUII), ORS 813.010. He raises one assignment of error, in which he contends that the trial court erred in admitting parts of a police report as a recorded recollection under the hearsay exception in OEC 803(5),[1] and that that error was not harmless. The state concedes that the trial court erred in admitting the report but argues that that error was harmless. We agree with and accept the state's concession. But we also conclude that the erroneous admission of the evidence was unlikely to have affected the verdict and, therefore, was harmless. Consequently, we affirm.

This case arises from a 2015 incident in which defendant struck the rear bumper of another car with his truck, agreed to perform field sobriety tests (FSTs) at the scene, and was arrested for DUII. In a pretrial hearing and during trial, defendant objected to the admission of the police report made by the responding officer as a recorded recollection under the hearsay exception in OEC 803(5). That report, although written within two days of the incident, contained edits made by the officer's sergeant that the officer did not adopt at a time when the incident was fresh in his memory. Over defendant's objection, the trial court admitted portions of the report that described defendant's performance of FSTs.

On appeal, defendant challenges the trial court's admission of the report under OEC 803(5), arguing that the report did not have the "indicia of reliability" of a recorded recollection, because the state did not prove either that the

---

[1] OEC 803(5) provides:

"The following are not excluded by ORS 40.455, even though the declarant is available as a witness:

"*****

"A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the memory of the witness and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."

officer had adopted the edited report within the necessary time frame or that the edited report correctly reflected the officer's recollection of the incident. *See State v. Miller*, 287 Or App 135, 153, 401 P3d 229 (2017) (explaining that hearsay evidence that is a recorded recollection has "indicia of reliability" that make it admissible). The state concedes that the trial court erred in admitting the edited report. As noted above, we agree with and accept that concession.

Defendant further contends that the error was not harmless, because the evidence in the report "went toward the centrally disputed issue at trial"; "was qualitatively different from the state's other evidence of intoxication"; and "the case was close." The state, however, maintains that the error was harmless, because the evidence in the report was cumulative of and not substantially different from other evidence presented at trial pertaining to the same issue—whether defendant was intoxicated—and because the state did not rely on the report in presenting its case to the jury.

"Evidentiary error does not require reversal if it is harmless—that is, if it had little likelihood of affecting the verdict." *State v. Edmonds*, 364 Or 410, 429, 435 P3d 752 (2019) (internal quotation marks omitted). "In assessing whether erroneously admitted * * * evidence affected the verdict, we consider the nature of the evidence in the context of the trial as a whole." *State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019). That context includes "whether the evidence was cumulative of other evidence admitted"; whether the evidence was different in "quality" from "other evidence on the same issue"; and "the extent to which the disputed evidence was or was not emphasized by the parties and central to their theories of the case." *Id.*

Here, we have reviewed the report "in the context of the trial as a whole," *id.*, and conclude that the trial court's error in admitting the report had little likelihood of affecting the verdict. The admitted parts of the report describe defendant's physical presentation and conduct, which the jury then observed in the officer's body camera video, which was also admitted into evidence in the trial court: The body camera video reflects that the officer explained and

demonstrated each FST for defendant; defendant was not able to follow instructions; and defendant struggled with coordination and balance while performing the tests. The information in the report was cumulative of and not qualitatively different from the evidence in the body camera video related to defendant's physical presentation and conduct.

In reaching our conclusion, we also note that the state did not mention the report in its closing argument. Instead, the state relied on the body camera video, as well as the officer's testimony, to support its argument that defendant had been intoxicated while driving. Thus, we do not understand the report to have been central to the state's case against defendant.

In sum, the trial court erred as a matter of law in admitting the report as a recorded recollection under OEC 803(5). But "in the context of the trial as a whole," *Simon*, 294 Or App at 849, that error was unlikely to have affected the verdict.

Affirmed.